**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **JOSE E. CAMPOS, ET AL** | § | **CIVIL ACTION NO. _____** |
| *Plaintiffs* | § | |
| **vs.** | § | **JURY DEMANDED** |
| | § | |
| **OIL STATES ENERGY** | § | |
| **SERVICES, L.L.C.** | § | |
| | § | |
| *Defendant* | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

### I.   SUMMARY

Plaintiffs, JOSE E. CAMPOS, RODRIGO GARZA II, ODELL GODFREY, PATRICK JOHNSON, DANIEL HERNANDEZ, HUGO HERNANDEZ, MARK LAFLEUR, VIRGIL JAMES LEWIS, MARCUS SAENZ, ROBERT SMITH, JASON TAYLOR and HERLINDO VENCES and bring this action against Defendant Oil States Energy Services, L.L.C. for failing to pay overtime wages as required by the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201, *et seq.*

### II.   THE PARTIES, JURISDICTION AND VENUE

1.   Plaintiffs are current and/or former employees of Defendant.

2.   Defendant does business in the Southern District of Texas – Victoria Division. Defendant can be served through its registered agent.

3.   This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §

1331 because this action involves a federal question under the FLSA.

4.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (b), (c) and (d) because Defendant does business in the Southern District of Texas – Victoria Division and is subject to personal jurisdiction in Texas.

III.    THE FACTS

5.    Defendant is in the oil well services business.

6.    Defendant's annual gross revenues exceed $500,000.00.

7.    Plaintiffs were employed by Defendant in interstate commerce within three (3) years from the date of the filing of this Complaint. Plaintiffs' job titles include, but are not limited to, "Field Supervisor I", "Field Supervisor II", "Field Supervisor III" and other support personnel.

8.    Plaintiffs are and were paid, in part, on a salary basis.

9.    Plaintiffs, in addition to their salaries, were paid "job bonuses" for the hours and days they performed work on a well service job. As a result of said job bonuses, Plaintiffs were paid a premium or a differential for work performed on a well service job as opposed to duties performed at the Defendant's "shop" or "yard". Thus, Plaintiffs' compensation varied per week depending on when, where, how and how much work was performed and whether it was performed in the field or in the shop. In this connection, Plaintiffs were not paid a fixed amount as straight-time pay. Moreover, Plaintiffs were not

paid any contemporaneous overtime payments.

10.     Plaintiffs' primary duty was to service wells for Defendant's customers.

11.     Plaintiffs' primary duty *was not* managing an enterprise, or managing a customarily recognized department or subdivision of an enterprise for Defendant.

12.     Plaintiffs *did not* customarily and regularly direct the work of at least two or more other full-time employees or an equivalent combination of part-time employees.

13.     Plaintiffs *did not* have the authority to hire or fire other employees, or suggest and recommend as to the hiring, firing, advancement, promotion or any other change of status of other employees that was given any particular weight by the Defendant.

14.     Plaintiffs regularly worked in excess of forty (40) hours per week generally working approximately fifty (50) to one hundred (100) hours per week or more during their weekly shifts. Upon information and belief, Defendant has failed to keep adequate payroll and time records in accordance with the FLSA regarding Plaintiffs.

15.     As a necessity of their employment duties, Plaintiffs routinely drove, operated, worked with and worked on vehicles with Gross Vehicle Weight Ratings ("GVWR") of 10,000 pounds or less for Defendant's business-

3

related purposes in interstate commerce as part of their work duties servicing wells for Defendant's customers.

16. Because Plaintiffs drove, operated, worked with and worked on vehicles with GVWRs of 10,000 pounds or less (regardless of whether they also worked on a vehicle with a GVWR of more than 10,000 pounds), Plaintiffs are subject to the overtime requirements of the FLSA under the SAFETEA-LU Technical Corrections Act of 2008, Pub. L. No. 110-244, § 306, 122 Stat. 1572 ("TCA").

17. Under the TCA, Plaintiffs are entitled to overtime wages "*notwithstanding*" any allegation or position by the Defendant that they would otherwise be exempt pursuant to the Motor Carrier Act exemption because Plaintiffs' duties were performed "in whole or *in part*" on vehicles with GVWRs of 10,000 pounds or less for Defendant's business-related purposes in interstate commerce. *See* TCA § 306(a); *McMaster v. E. Armored Servs., Inc.,* --- F.3d ----, 2015 WL 1036035, at *2 (3d Cir. Mar. 11, 2015) ("'[C]overed employees' are entitled to overtime.").

18. It was the policy of the Defendant not to pay overtime wages to its employees, including Plaintiffs, although they worked on vehicles with GVWRs of 10,000 pounds or less or, worked exclusively on vehicles with GVWRs of 10,000 pounds or less for Defendant's business-related purposes

in interstate commerce.

19.    This policy affects Plaintiffs and scores of similarly-situated current and former employees of Defendant.

20.    Defendant did not pay Plaintiffs overtime wages for the hours they worked in excess of forty (40) in a workweek although it was legally required to do so under the FLSA.

IV.   CAUSE OF ACTION

21.    Plaintiffs incorporate the preceding paragraphs by reference. Defendant did not pay Plaintiffs the legally required overtime wages for all hours they worked in excess of 40 in a workweek. In this regard, Defendant acted willfully or with reckless disregard as to whether their pay practices complied with the FLSA.

22.    The FLSA requires an employer to pay its employees at no less than one-and-one-half times their regular rates for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

23.    Defendant's willful failure to pay Plaintiffs overtime wages for the weeks in which they worked in excess of forty (40) hours violated the FLSA.

24.    Defendant is liable to Plaintiffs for unpaid overtime wages.

25.    Defendant is liable to Plaintiffs for an equal amount of their unpaid overtime wages as liquidated damages.

26.     Plaintiffs are also entitled to recover all reasonable attorney's fees and costs

incurred in this action. 29 U.S.C. § 216(b).

V.     JURY DEMAND

Plaintiffs demand a trial by jury.

VI.     PRAYER

Plaintiffs respectfully request judgment in their favor awarding:

  a.  Unpaid overtime wages for each hour worked in excess of forty (40)

  in a workweek;

  b.  Liquidated damages in an amount equal to their unpaid overtime

  wages;

  c.  Reasonable attorney's fees, costs and litigation expenses;

  d.  Post judgment interest at the highest rate allowed by law; and

  e.  Such other and further relief as may be permitted or required by law.

Respectfully submitted,

By:  /s/ Clark Woodson III
CLARK WOODSON III
601 East Myrtle
Angleton, Texas  77515
(979) 849-6080 Telephone
(832) 202-2809 Facsimile
State Bar No. 00794880
S.D. Tex. No. 21481
**Attorney for Plaintiffs**